UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**

MAY 0 7 2015

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| ROBERT E. LEE, | § | |
| TDCJ No. 524731, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL NO. SA-14-CA-234-OG |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Petitioner Robert E. Lee filed this federal habeas corpus action pursuant to Title 28 U.S.C. Section 2254 challenging his June, 1989 Bexar County conviction and life sentence in cause no. 1987-CR-5134 for aggravated robbery with a deadly weapon. For the reasons set forth below, petitioner's federal habeas corpus petition will be dismissed as untimely pursuant to Title 28 U.S.C. Section 2244(d).

Background

Petitioner was convicted of aggravated robbery with a deadly finding in June, 1989 in Bexar County cause no. 1987-CR-5134. Based upon his prior convictions, petitioner was sentenced as a habitual offender to serve a term of life imprisonment. Petitioner appealed his conviction and sentence. In an unpublished opinion issued October 31, 1990, the Texas Fourth Court of Appeals affirmed petitioner's conviction and life sentence. *Lee v. State*, 04-89-00305-CR )Tex. App. – San Antonio Oct. 31, 1990, *no pet.*). Petitioner did not thereafter file a petition for discretionary review with the Texas Court of Criminal Appeals.

Petitioner file an application for writ of habeas corpus with the state trial court on June 26, 2013 which the Texas Court of Criminal Appeals denied on September 4, 2013 without written order based on the trial court's findings made after a hearing. *Ex parte Robert E, Lee*, WR 78,316-03 (Tex. Crim. App. Sept. 4, 2013).

Proceedings Before this Court

Petitioner filed his federal habeas corpus petition in this Court on March 12, 2014 (which was signed by petitioner March 8, 2014). As grounds for relief, petitioner argued (1) the prior conviction used to enhance petitioner's conviction (a 1976 conviction in cause no. 76-CR-1942) was void because the indictment in the 1976 case was fundamentally defective and (2) his trial counsel rendered ineffective assistance by (a) failing to adequately investigate the validity of petitioner's prior conviction, (b) failing to challenge the validity of petitioner's 1976 conviction, and (c) allowing petitioner to plead true to an enhancement paragraph which was not, in fact, true.

In a Show Cause Order issued January 12, 2015 (ECF no. 7), this Court explained to petitioner the AEDPA created a one-year limitations period applicable to petitioner's federal habeas corpus petition and directed petitioner to explain why his federal habeas corpus petition should not be dismissed as untimely.

On March 26, 2015 (ECF no. 10) petitioner filed his response to the Court's Show Cause Order and argued his challenge to his 1976 conviction was valid and should not be dismissed as untimely.

AEDPA Analysis

Because petitioner filed his federal habeas corpus action after the effective date of the AEDPA, i.e., April 24, 1996, this Court's review of petitioner's claims for federal habeas corpus

2

relief is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996. *Penry v. Johnson*, 532 U.S. 782, 792, 121 S.Ct. 1910, 1918, 150 L.Ed.2d 9 (2001); *Tassin v. Cain*, 517 F.3d 770, 776 n.18 (5th Cir. 2008)(holding the AEDPA applies to habeas corpus cases filed in the United States District courts on or after April 24, 1996); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997)(holding the same), *cert. denied*, 525 U.S. 859 (1998).

"The AEDPA provides for a one-year limitation period during which a state prisoner may seek federal habeas review of his judgment of conviction, running, in this case, from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.' 28 U.S.C. § 2244(d)(1)(A)." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Petitioner's conviction became final, and his limitation period began to run, not later than December 1, 1990, i.e., the date after the 30–day period in which petitioner was permitted to seek discretionary review of his conviction by the Texas Court of Criminal Appeals expired. *See Rodriguez v. Thaler*, 664 F.3d 952, 954 (5th Cir. 2011) (holding Texas conviction became final for purposes of the AEDPA's one-year statute of limitations when deadline for filing appeal expired); *Mark v. Thaler*, 646 F.3d 191, 193-94 (5th Cir. 2011) (holding Texas conviction for aggravated robbery became final for purposes of the AEDA's one-year limitations period on date deadline for filing a petition for discretionary review expired). Thus, the deadline for filing petitioner's federal habeas corpus petition expired not later than December 1, 1991.

Petitioner filed his state habeas petition on June 26, 2013 and his federal habeas petition not earlier than March 8, 2014. Because his state habeas petition was not filed within the AEDPA's one-year period, it did not statutorily toll the limitation clock. *Palacios v. Stephens*, 723 F.3d at 604; *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir.2000); 28 U.S.C. § 2244(d)(2)). Accordingly, his

AEDPA limitation period expired on December 1, 1991, unless it was equitably tolled. *Palacios v. Stephens*, 723 F.3d at 604.

Petitioner has alleged no facts showing any equitable basis exists for excusing petitioner's failure to timely file his federal habeas corpus application. In fact, petitioner's state habeas corpus application was not filed until more than two decades *after* the expiration of the AEDPA's deadline for the filing of his federal habeas corpus petition. Petitioner does not allege any claims premised upon newly discovered evidence or based upon legal claims unavailable to petitioner prior to December 1, 1991. Nor does petitioner alleges any specific facts showing he exercised any degree of diligence between December 1, 1990 and March 8, 2014 to develop and present his claims for federal habeas corpus relief herein. Under such circumstances, petitioner has failed to allege any facts showing that he is entitled to equitable tolling of the AEDPA's one-year statute of limitations in this cause. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(" a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *Palacios v. Stephens*, 723 F.3d at 604 (holding a federal habeas petitioner seeking to obtain the benefit of equitable tolling must establish (1) he pursued habeas relief with "reasonable diligence" and (2) some "extraordinary circumstances" stood in the way or "prevented" timely filing); *Sutton v. Cain*, 722 F.3d 312, 316 (5th Cir. 2013).

> "As a general rule, equitable tolling operates only in rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir.2002)(alteration, citations, and internal quotation marks omitted). "Equitable tolling thus applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (citations and internal quotation

4

marks omitted). "As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.* (citation and internal quotation marks omitted).

*Sutton v. Cain*, 722 F.3d at 317.

Here, petitioner waited more than two decades after his conviction and sentence became final (by virtue of his failure to seek discretionary review of same from the Texas Court of Criminal Appeals) to begin state habeas corpus proceedings; petitioner then waited almost seven months after the denial of his state habeas corpus application before seeking federal habeas corpus relief. Such delay is the antithesis of "reasonable diligence." *See Palacios v. Stephens*, 723 F.3d at 606 (holding delays of four to six months negate a finding of reasonable diligence). Nor has petitioner alleged any specific facts showing that any external impediment or "extraordinary circumstance" prevented him from timely filing his federal habeas corpus action herein during the AEDPA's one-year limitations period. Petitioner is not entitled to equitable tolling in this cause. His federal habeas corpus petition is untimely.

Alternatively, No Merit on the Merits

The Supreme Court held in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 396-97, 121 S. Ct. 1567, 1570, 149 L. Ed. 2d 608 2001), that a prisoner attacking a current sentence as having been improperly enhanced may not collaterally attack a prior conviction no longer subject to appeal or collateral review for which the petitioner is no longer serving a sentence that was subsequently used to enhance his current sentence unless the earlier conviction is challenged as having been obtained when the petitioner was denied the assistance of counsel, i.e., premised upon a violation of the rule announced in *Gideon v. Wainwright*. Petitioner does not allege his 1976 conviction was un-counseled. Petitioner does not allege he is currently serving any portion of his

5

sentence in his 1976 case. Therefore, petitioner's belated challenges to the validity of his 1976 conviction, for which petitioner is clearly no longer in custody, may not form the basis for a collateral attack upon petitioner's current, enhanced, 1989 sentence. *Id.*

Certificate of Appealability

The AEDPA converted the "certificate of probable cause" previously required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a "Certificate of Appealability" ("CoA"). *See Hill v. Johnson*, 114 F.3d 78, 80 (5th Cir. 1997) (recognizing the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997) (holding the standard for obtaining a CoA is the same as for a CPC). The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA. *Robison v. Johnson*, 151 F.3d 256, 259 n.2 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997), *cert. denied sub nom. Monroe v. Johnson*, 523 U.S. 1041 (1998). Effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in United States District Courts requires this Court to issue or deny a CoA when it enters an order adverse to a federal habeas corpus petitioner.

Under the AEDPA, before a petitioner may appeal the denial of a habeas corpus petition filed under Section 2254, the petitioner must obtain a CoA. *Miller-El v. Johnson*, 537 U.S. 322, 335-36, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); 28 U.S.C. §2253(c)(2). Likewise, under the AEDPA, appellate review of a habeas petition is limited to the issues on which a CoA is granted. *See Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding a CoA is granted on an

6

issue-by-issue basis, thereby limiting appellate review to those issues); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000) (holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted). In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone. *Crutcher v. Cockrell*, 301 F.3d at 658 n.10; *Lackey v. Johnson*, 116 F.3d at 151; *Hill v. Johnson*, 114 F.3d at 80; *Muniz v. Johnson*, 114 F.3d at 45; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S. Ct. 2562, 2569, 159 L. Ed. 2d 384 (2004); *Miller-El v. Johnson*, 537 U.S. at 336, 123 S. Ct. at 1039; *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 1603, 146 L. Ed. 2d 542 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). To make such a showing, the petitioner need not show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke*, 542 U.S. at 282, 124 S. Ct. at 2569; *Miller-El v. Johnson*, 537 U.S. at 336, 123 S. Ct. at 1039; *Slack v. McDaniel*, 529 U.S. at 484, 120 S. Ct. at 1604; *Barefoot v. Estelle*, 463 U.S. at 893 n.4, 103 S. Ct. at 3394 n.4. This Court is required to issue or deny a CoA when it enters a final Order such as this one adverse to a federal habeas petitioner. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.*

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U.S. at 338, 123 S. Ct. at 1040 (*quoting Slack v. McDaniel*, 529 U.S. at 484, 120 S. Ct. at 1604); *Tennard v. Dretke*, 542 U.S. at 282, 124 S. Ct. at 2569. In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. at 484, 120 S. Ct. at 1604 (holding when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

Reasonable minds could not disagree with this Court's conclusions that petitioner's federal habeas corpus petition is untimely and petitio9ner has failed to allege any specific facts showing he is entitled to the benefit of the doctrine of equitable tolling. Likewise, reasonable minds could not disagree with this Court's conclusion the Supreme Court's holding in *Coss* forecloses petitioner's attempt to collaterally attack the validity of his otherwise final 1976 conviction which was later used to enhance petitioner's 1989 Bexar County sentence as a habitual offender. Petitioner is not entitled to a Certificate of Appealability in this cause.

8

Accordingly, it is hereby **ORDERED** that:

1.  Petitioner's petition for federal habeas corpus relief, filed March 8, 2014, *ECF no. 1*, is

**DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts.

2.  Alternatively, petitioner's federal habeas corpus petition is **DENIED** on the merits.

3.  Petitioner is **DENIED** a Certificate of Appealability on all his claims.

4.  All other pending motions are **DISMISSED AS MOOT.**

**It is so ORDERED**.

**SIGNED this** _____ **day of May, 2015.**

                                                    **ORLANDO L. GARCIA**
                                         **UNITED STATES DISTRICT JUDGE**